IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ASHLEY CARDONA, | ) |
|     Plaintiff, | ) ) ) ) CASE NO: |
| v. | ) ) ) |
| SUNWINK CORP., | ) ) |
|     Defendant. | ) ) |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Sunwink Corp. gives notice of removal of this action to the U.S. District Court for the Southern District of Florida.

1. On May 9, 2023, Plaintiff filed this putative class action against Sunwink in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. Sunwink was purportedly served with the complaint on May 26, 2023. This notice of removal is timely filed within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b).

3. The Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claim under the Florida Telephone Solicitation

1

Act (FTSA), Fla. Stat. § 501.059, because the state-law claim is so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

4. The Court independently also has original jurisdiction under 28 U.S.C. § 1332(d) because the action was filed under a state rule of judicial procedure similar to Federal Rule of Civil Procedure 23 authorizing an action to be brought by 1 or more representative persons as a class action, the parties are diverse (and were diverse at the time the complaint was filed), and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5. Plaintiff is an individual who is domiciled in, and thus a citizen of, Florida. The same was true at the time Plaintiff filed the complaint.

6. Sunwink is a Delaware corporation with its principal place of business in California. Accordingly, under 28 U.S.C. § 1332(c)(1), Sunwink is deemed a citizen of Delaware and California. The same was true at the time Plaintiff filed the complaint.

7. While Plaintiff does not allege a specific amount in controversy, a reasonable reading of the complaint establishes that, in the aggregate, the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

8. Plaintiff alleges that the putative classes each include "thousands of consumers." Compl. ¶ 42.

9. For its putative "Do Not Call Registry Class," Plaintiff seeks treble the statutory damages—or up to $1,500.00—for each alleged violation. *Id.* ¶¶ 56–57.

10. For its putative "No Consent Class," Plaintiff seeks "a minimum of $500,00 in damages" for each alleged violation. *Id.* ¶ 65.

11. Plaintiff also alleges that the FTSA violations were made "knowingly" to provide a basis to seek treble damages—i.e., $1,500.00—for each alleged violation. *Id.* ¶¶ 63–64; Fla. Stat. § 501.59(10)(b).

12. Plaintiff also seeks substantial injunctive relief, which is part of the matter-in-controversy calculation.

13. However, even without considering the claims for injunctive relief, the amount in controversy well exceeds $5,000,000. "Thousands" necessarily means at least two thousand class members. In light of the statutory damages sought, the $5,000,000 matter-in-controversy threshold is easily exceeded.

14. Pursuant to 28 U.S.C. § 1446(d), Sunwink will file a copy of this notice with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and will mail a copy of this notice to Plaintiff.

15. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Sunwink in the state-court action is attached as Composite Exhibit 1. A copy of Plaintiff's complaint is attached as Exhibit 2. A copy of the docket in the state-court action is attached as Exhibit 3. A motion to extend time to respond to the complaint was pending at the time of removal, but the removal has made that motion moot.

Dated: June 26, 2023            Respectfully submitted,

BERMAN FINK VAN HORN P.C.

By:    <u>*/s/Jeremy L. Kahn*</u>
       Jeremy L. Kahn
       Florida Bar No. 105277
       3475 Piedmont Road NE
       Suite 1640
       Atlanta, Georgia 30305
       Tel: (404) 261-7711
       jkahn@bfvlaw.com
       *Counsel for Defendant*
       *Sunwink, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that, on June 26, 2023, the foregoing was served by U.S. mail on:

| | |
|---|---|
| Andrew J. Shamis, Esq. | Scott Edelsberg, Esq. |
| Garret O. Berg, Esq. | Christopher Gold, Esq. |
| Shamis & Gentile, O.A. | Edelsberg Law, P.A. |
| 14 NE 1st Avenue, Suite 705 | 20900 NE 30th Ave., Suite 417 |
| Miami, FL 33132 | Aventura, FL 33180 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |